UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PATRICK MCKAY<br><br>    Plaintiff<br><br>    v.<br><br>EARLE HC LLC.<br>CONTRACTOR A<br>CONTRACTOR B<br>PERSON A<br>PERSON B<br>MUNICIPALITY OF SAN JUAN<br>INSURANCE COMPANY A<br>INSURANCE COMPANY B<br>INSURANCE COMPANY C<br><br>    Defendants | CIVIL NO.<br><br>PERSONAL INJURY<br>(Jury trial) |

**COMPLAINT**

TO THE HONORABLE COURT:

Comes now Plaintiff, Patrick McKay, through the undersigned attorney, and very respectfully state, allege and pray:

NATURE OF ACTION, JURISDICTION AND VENUE

1. This is a personal injury action for acts occurring in the streets of San Juan, Puerto Rico.

2. This Court has subject matter jurisdiction over this action under 28 U.S.C. §1332 that grants district courts original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(1) because this is the district in which Defendants reside.

## THE PARTIES

4. Patrick McKay (b. 5/18/1955) is a resident of Georgia, whose address is 82 Cannon Trace Drive, Winder, Georgia, 30680.

5. Defendant Earle HC LLC, is a limited liability company organized under the laws of the Commonwealth of Puerto Rico, whose address is 221 Ponce de León Avenue, Suite 500, 221 Plaza, San Juan, Puerto Rico 00907. The entity itself is the resident agent.

6. CONTRACTOR A & B are the contractors performing work at the Vanderbilt Residences site on October 24, 2023.

7. PERSON A & B, are other persons with authority over the construction site at the time of Plaintiff's accident.

8. Defendant Municipality of San Juan is a juridical entity of local government, subordinated to the Constitution of the Commonwealth of Puerto Rico and to its laws, 21 Laws of P.R. §4003, with the capacity to sue and be sued. 21 Laws of P.R. ¶4051(b).

9. Insurance Company A, B and C, are insurance companies that provide insurance coverage to Defendants Earle, Contractors and the Municipality.

## THE FACTS

10. Plaintiff is the Chairman of the Board and founder of Green Power Technologies Puerto Rico, LLC a Puerto Rico company.

11. The company analyzes PRASA facilities with hydroelectric potential and promotes the installation of the VFH Turbine, a product with proprietary technology developed by Plaintiff to which Green Technology has the rights for Puerto Rico.

12. From March 2023 to August 2023, Plaintiff conducted significant site visits in several regions to identify a pilot project site and future sites suitable for hydroelectric generation.

13. Most sites are located near rivers in the mountains.

14. Site inspection generally require long downhill walks to assess the system's conditions and propose enhancements that would include the use of the VFH Turbine.

15. Plaintiff flew to Puerto Rico on October 24, 2023, for work duties expecting to be there for about two weeks.

16. The following morning, October 25, 2023, at around 8:00 a.m. Plaintiff was walking down Ashford Avenue by Vendig Street in Condado, San Juan, Puerto Rico.

17. Defendant Earle HC LLC, owns the property located at Ashford and Earle Streets –the north side of Ashford Avenue–, where it is building a multi-story building called the Vanderbilt Residences (the Project).

18. All night of Tuesday, October 24 and into the mid-morning of Wednesday, October 25, the Project's contractor or contractors had been pouring concrete at the Project, with concrete trucks constantly going in and out of the Project.

19. Because of that activity, the construction crew had blocked the north side of Ashford Avenue between Vendig and Earle streets.

20. An integral part of pouring concrete at a construction site is the cleaning of equipment used in concrete mixing, transportation, and pouring.

21. The cleaning of the equipment produces what is commonly known as "concrete washout water," a mixture of concrete residue, water and any additives used on the concrete.

22. Concrete washout water spills are slippery, posing a hazard to the public.

23. By blocking the north side of Ashford Avenue, the construction crew forced pedestrians walking down that north side of Ashford Avenue, to cross over to the south side.

24. There were no signs or barricades in place indicating a hazardous condition. The only sign indicated "Closed ramp ahead. Cross here."

25. The contractor did not adequately contain the concrete washout water from the site, causing spills into the sidewalk and road, either from the site or from the trucks leaving the site.

26. Defendant Municipality of San Juan failed to properly supervise or ensure the safety of public sidewalks near ongoing construction work.

27. As Plaintiff was forced to cross the street, the slippery surface caused him to fall forward and landing on his left knee.

28. Plaintiff was taken to the emergency room at the nearby Ashford Presbyterian Hospital.

29. X-rays showed Plaintiff had broken his knee cap.

30. The doctors at the Ashford Presbyterian Hospital recommended that due to the nature of the injury, the necessary medical procedures and the lengthy recovery, Plaintiff should return home to Georgia and pursue medical treatment there. They immobilized his leg and provided him with painkillers so that he may travel back home.

31. Plaintiff flew back to Georgia on October 26, 2023.

32. On October 27, 2023, Plaintiff was examined by doctor Logan K. Fields at Athens Orthopedic Clinic, and was informed that he had a transverse patellar fracture with displacement, and received a surgery recommendation for an Open Reduction and Internal Fixation with cannulation screws.

33. Surgery was performed on November 2, 2023.

34. Four months out of surgery, after about 24 therapy sessions and home exercises, Plaintiff continued to experience stiffness, swelling of his knee, and could not achieve full flexion.

35. The doctors submitted Plaintiff to manipulation under anesthesia.

36. By June 2024, at least a dozen therapy sessions later, it was evident Plaintiff would never recover full range of motion and would suffer progression of arthrosis.

37. As a direct result of the Defendant's negligent actions, Plaintiff is now permanently incapacitated. He is unable to walk without difficulty and cannot navigate downward inclines. He cannot descend stairs without having to assist himself. His knee regularly swells to twice its normal size, causing excruciating pain that severely limits his ability to live normally. This ongoing physical impairment has drastically diminished Plaintiff's quality of life and continues to cause him intense, debilitating pain.

38. Since Plaintiff was instructed not to travel, and furthermore is unable to walk downhill, nor walk the distances he was able to walk before the accident, Plaintiff is unable to perform his work for Green Technologies, resulting in loss of income for Plaintiff.

## CAUSE OF ACTION
## NEGLIGENCE

39. The spill of concrete washout water into Ashford Avenue was the proximate cause of Plaintiff's fall and injury.

40. Defendant Earle, owner of the site, the contractors and yet unidentified persons, had a duty to exercise reasonable care to avoid causing harm to others, which includes securing that concrete washout water would not spill into the streets near the construction site.

41. Defendants were negligent in their supervision of site work, allowing for the concrete washout water spill.

42. Defendant Municipality of San Juan had a duty to secure the safety of the streets near construction sites.

43. The Municipality was negligent in overseeing the safety conditions in the construction site public street areas.

44. Plaintiff's fall and injury was a foreseeable result of the Defendant's actions.

45. As a direct and proximate result of Defendants' negligence, Plaintiff has incurred medical expenses, including but not limited to hospitalization, surgery, medication, therapy, and future medical care. Plaintiff seeks compensation for all past and future medical costs in an amount to be proven at trial.

46. As a result of the injuries sustained, Plaintiff has diminished his capacity to work and has suffered a loss of income from the date of the injury to the present. Plaintiff further alleges that the injuries will result in diminished future earning capacity and seeks compensation for lost wages and future loss of earnings. This amount is estimated to be no less than $500,000.

47. As a direct and proximate result of Defendant's conduct, Plaintiff has experienced significant physical pain and suffering, which continues to date. Plaintiff seeks compensation for past and future pain and suffering.

48. As a result of the injuries sustained, Plaintiff has suffered emotional distress. Plaintiff continues to suffer from these emotional injuries and seeks compensation for past and future emotional distress.

49. As a result of the injuries sustained, has suffered permanent disability and disfigurement, which has affected Plaintiff's ability to perform daily activities and has caused significant emotional distress. Plaintiff seeks compensation for the permanent nature of these injuries

50. Plaintiff has been deprived of the ability to enjoy life as a result of the injuries sustained, including being unable to engage in recreational activities and other aspects of daily living that brought enjoyment prior to the injury. Plaintiff seeks compensation for the loss of enjoyment of life.

51. Plaintiff anticipates ongoing medical treatment and future care related to the injuries sustained, including surgeries, rehabilitation, and in-home care. Plaintiff seeks damages for future medical expenses in an amount to be determined at trial.

52. Defendant's conduct was wanton and demonstrated a reckless disregard for the safety of others. As such, Plaintiff seeks punitive damages in an amount equivalent to that determined for the non-economic injuries. P.R. Civil Code Art. 1538.

53. Plaintiff estimates his non-economic injuries to be in excess $1,500,000.

## JURY DEMAND

54. Plaintiff requests trial by jury.

WHEREFORE, Plaintiff requests that Defendant's be found negligent in their actions, that they were the proximate cause of Plaintiff's accident and injuries, that the accident was foreseeable, and that Plaintiff be awarded economic and non-economic damages in the amounts determined by the jury, but estimated to exceed $500,000 and $1,500,000 respectively, plus punitive damages, costs, and for any further relief that this Honorable Court determines necessary and appropriate.

RESPECTFULLY SUBMITTED

In San Juan, Puerto Rico, this 23 October 2024.

                                              **s/ José A. Hernández Mayoral**
                                              José A. Hernández Mayoral
                                              USDC 205307
                                              E-mail: prm3@mac.com
                                              250 Tetuán, San Juan, PR 00901
                                              Tel. 787 722-7782/
                                              Email: jahm@mac.com